HARLEY I. LEWIN (HL 1819)
SCOTT GELIN (SG 9599)
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
MetLife Building
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
lewinh@gtlaw.com
gelins@gtlaw.com

Attorneys for Plaintiff
DIANE VON FURSTENBERG STUDIO, L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIANE VON FURSTENBERG STUDIO, L.P., a Delaware limited partnership,

    Plaintiff,

v.

TARGET BRANDS, INC., a Minnesota corporation; TARGET CORPORATION, a Minnesota corporation.

    Defendants.

) Civil Action No.
)
) COMPLAINT FOR COPYRIGHT
) INFRINGEMENT, UNFAIR
) COMPETITION AND FALSE
) DESIGNATION OF ORIGIN,
) UNLAWFUL DECEPTIVE ACTS AND
) PRACTICES
)
) DEMAND FOR JURY TRIAL

---

## COMPLAINT

Plaintiff Diane von Furstenberg Studio, L.P. ("DVF") alleges the following for its Complaint against Defendants Target Brands, Inc. and Target Corporation (collectively, "Defendants") on personal knowledge as to DVF's own activities and on information and belief as to the activities of Defendants:

## THE PARTIES

1. Plaintiff Diane von Furstenberg Studio, L.P. is a limited partnership, organized and existing under the laws of Delaware, with offices at 440 W. 14th Street, New York, New York 10014.

2. Upon information and belief, Defendant Target Corporation is a Minnesota corporation, with its principal place of business and executive offices at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target Corporation owns and operates more than 1500 Target retail stores throughout the United States, including in New York and owns and operates Target's web store located at the url of <www.target.com>, which distributes products throughout the United States, including New York and this District.

3. Upon information and belief, Defendant Target Brands, Inc. is a Minnesota corporation, with its principal place of business and executive offices at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Defendant Target Brands, Inc. is a subsidiary of Target Corporation and manufactures, imports, markets, and distributes products to Target stores throughout the United States and the State of New York and on the Internet at Target's web store located.

## JURISDICTION AND VENUE

4. This is an action for: (a) copyright infringement in violation of the Copyright Act, 17 U.S.C. §§501, *et. seq.*; (b) unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a); (c) unlawful and deceptive acts and practices in violation of N.Y. Gen. Bus. Law §349; and (d) unfair competition under New York state law, all of which activities have occurred in this District and elsewhere in interstate commerce.

5. Subject matter jurisdiction for the claim of copyright infringement and unfair competition and false designation of origin is proper in this Court pursuant to 28 U.S.C. §§1331, 1332, 1338(a), 17 U.S.C. §501 and 15 U.S.C. §1125(a). Supplemental jurisdiction for the state law claims of unlawful deceptive acts and practices and unfair competition is proper in this Court pursuant to 28 U.S.C. §1367 because these claims form part of the same case or controversy as the claim for copyright infringement.

6. This Court has personal jurisdiction over Defendants in that Defendants conduct business throughout the State of New York, including this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendants are transacting business within this District. Further, venue is appropriate since a substantial portion of the acts complained of herein were committed by Defendants within this District.

## FACTUAL BACKGROUND

### DVF'S PRODUCTS AND SALE OF ITS COPYRIGHTED DESIGNS

8. Ms. Diane von Furstenberg has been a fixture in the American fashion world since arriving in New York in 1972 with her signature jersey dresses. By 1976, Ms. von Furstenberg had sold more than five million of her iconic 'wrap' dresses, and came to symbolize female independence, professionalism and freedom to an entire generation.

9. In 1997, Ms. von Furstenberg established Diane von Furstenberg Studio L.P. ("DVF") to sell her signature line of dresses and other women's apparel. Currently, DVF is a leader in the design, development, manufacture, advertising, marketing, distribution, licensing, and sale of designer dresses as well as other women's apparel, accessories, footwear, jewelry, cosmetics, luggage, and other luxury goods (collectively, "DVF Products").

10. DVF is the owner of numerous trademark registrations for its marks as well as numerous U.S. copyright registrations for its original print and fabric designs.

11. DVF Products have become favorably known throughout the World for their distinctive style, high-quality materials, and superior designs. Genuine DVF Products are easily identified by the mark DIANE VON FURSTENBERG and other marks and by their distinctive fabric designs, many of which have been registered with the U.S. Copyright Office.

12. As a result of the high-quality and superb design of DVF Products, these products have achieved an outstanding reputation among consumers, especially fashion-conscious women. DVF's trademarks and copyrighted prints themselves have become well and favorably known in the industry and to the public as the exclusive source of DVF Products and have come to symbolize the goodwill built up in DVF Products.

13. DVF Products are sold in high-end department stores, such as Barneys, Neiman Marcus and Saks Fifth Avenue, as well as through DVF's web store located at the url of <www.dvf.com>.

14. DVF's marketing efforts, combined with its attention to quality, design and construction, have resulted in hundreds of millions of dollars of sales of DVF Products.

15. DVF and DVF Products have been the subject of much unsolicited, laudatory press coverage in various media, including editorial coverage in the world's leading fashion and lifestyle magazines.

16. At certain times during the year, DVF releases collections of its new dress and clothing designs. These collections are shown for the first time at DVF's fashion shows during the New York Fall and Spring fashion weeks and other times during the year, and then released to consumers during the coming months. These new collections are greeted with widespread

media coverage. Consumers and the general public have come to recognize DVF's original print designs in the collections as emanating from DVF.

17. One such print design exclusively owned by DVF is known as "Spotted Frog" (the "Spotted Frog Design"). DVF created the Spotted Frog Design in 2006 and has registered the Spotted Frog Design with the U.S. Copyright Office, including a version of this design featuring distinctive black and cream spots over a background of repeating lighter cream and darker cream horizontal stripes under the title "DVF Falling Spotted Frog." A true and correct copy of the Certificate of Registration for U.S. Copyright Registration No. VAu704-973 registered on September 13, 2006 for "DVF Falling Spotted Frog" is attached hereto as Exhibit A.

18. DVF first introduced the Spotted Frog Design in its Spring 2007 Fashion Show during New York Fashion Week in September 2006. Since then, DVF has used the Spotted Frog Design on various styles of dresses, luggage, handbags, swimwear and other DVF Products. True and correct copies of photographs of DVF's Spotted Frog Design are attached hereto as Exhibit B.

19. The copyright registration of the Spotted Frog Design creates a legal presumption in favor of DVF with respect to the ownership of and validity of the copyright in the Spotted Frog Design.

## DEFENDANTS' INFRINGING CONDUCT

20. Without authorization or license from DVF, Defendants have produced and are marketing, advertising, distributing, offering for sale and selling a style of dress that bears a print that is nearly identical to DVF's Spotted Frog Design (the "Infringing Dresses").

21. Specifically, Defendants' Infringing Dresses nearly identically copy the scale, pattern and colorways of DVF's Spotted Frog Design. Defendants' Infringing Dresses are 'wrap' dresses made of materials designed to look like silk jersey, a style consumers and the general public have come to associate with DVF. True and correct copies of photographs of one of the Infringing Dresses is attached hereto as Exhibit C.

22. The Infringing Dresses are being sold under the 'Merona' label and sold in Target Corporation's retail stores and on-line through its Target web store as 'Merona Animal Print Wrap Dress'. True and correct copies of printouts from Defendants' web store located at the url of <www.target.com> demonstrating Defendants' offer for sale of the Infringing Dresses are attached hereto as Exhibit D.

23. Upon information and belief, Defendant Target Brands, Inc. owns and controls the trademark 'Merona' for goods in International Class 25, including, *inter alia*, women's dresses and has manufactured and produced the Infringing Dresses under the 'Merona' label.

24. Defendants are profiting from the unauthorized production, distribution, and sale of the Infringing Dresses bearing DVF's Spotted Frog Design.

25. On or about January 17, 2008, it first came to the attention of DVF that Defendants' were marketing and selling the Infringing Dresses. On January 18, 2008, notice was sent to Defendants by counsel for DVF bringing to Defendants' attention their sale of the Infringing Dresses, and DVF's ownership of the copyright to the Spotted Frog Design and demanding that Defendants immediately cease and desist marketing and sale of the Infringing Dresses. On or about January 23, 2008, Defendants stopped offering the Infringing Dresses for sale on Defendants' web store located at the url <www.target.com> but have continued to sell the Infringing Dresses throughout the country at Defendants' Target retail stores.

26. Upon information and belief, the Infringing Dresses were first released by Defendants for sale well after DVF's registration of its Spotted Frog Design and well after its first publication in September 2006 and subsequent widespread sales.

27. Upon information and belief, Defendants' infringement is willful, done with knowledge of and/or reckless disregard for DVF's rights in its Spotted Frog Design.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§501, et. seq.)

28. DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

29. DVF is the owner of all right, title and interest in and to its Spotted Frog Design.

30. DVF has never authorized, licensed or otherwise permitted Defendants to manufacture, distribute or sell copies of its Spotted Frog Design.

31. Defendants have copied DVF's Spotted Frog Design by manufacturing and/or arranging for manufacture of, advertising, distributing, offering for sale and selling the Infringing Dresses, which bear print designs identical or nearly identical to DVF's Spotted Frog Design.

32. As a direct and proximate result of Defendants' unauthorized use of its Spotted Frog Design, DVF has suffered damages to its valuable Spotted Frog Design, and other damages in an amount to be proved at trial.

33. Defendants have realized unjust profits, gains and advantages as a proximate result of its infringement.

34. DVF does not have an adequate remedy at law, and will continue to be damaged by Defendants' copyright infringement unless this Court enjoins Defendants from such infringing practices.

## SECOND CLAIM OF RELIEF
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

35. DVF repeats and realleges the preceding paragraphs as if fully set forth herein.

36. DVF has built up valuable goodwill in the distinctive appearance of its Spotted Frog Design on genuine DVF Products.

37. The consumers and the general public have come to associate the Spotted Frog Design with DVF Products as emanating exclusively from DVF.

38. The Infringing Dresses are nearly identical or substantial similar to genuine DVF Products which bear the Spotted Frog Design and, as such, Defendants' sale of the Infringing Dresses is likely to cause confusion to the general purchasing public.

39. By manufacturing and/ or arranging for manufacture of, advertising, distributing, offering for sale and selling identical replicas of DVF Products bearing the Spotted Frog Design, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Dresses and create a likelihood of confusion by ultimate purchasers and to others seeing the Infringing Dresses as to both the source and sponsorship of such merchandise.

40. Defendants' unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling of the Infringing Dresses create express and implied misrepresentations that the Infringing Dresses were created, authorized or approved by DVF, all to Defendants' profit and DVF's great damage and injury.

41. Defendants have realized unjust profits, gains and advantages as a proximate result of its unfair competition.

42. DVF has no adequate remedy at law. If Defendants' activities are not enjoined, DVF will continue to suffer irreparable harm and injury to its goodwill and reputation.

### THIRD CLAIM OF RELIEF
### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

43. DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

44. Defendants, without DVF's authorization or consent, and having knowledge of DVF's well-known and prior rights in the Spotted Frog Design have manufactured and/ or arranged for manufacture of, advertised, distributed, offered for sale and sold Infringing Dresses to the consuming public in direct competition with DVF Products.

45. Defendants' use of copies or simulations of DVF's Spotted Frog Design is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Dresses, and is likely to deceive the public into believing the Infringing Dresses being sold by Defendants originate from, are associated with, or are otherwise authorized by DVF.

46. Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

47. Defendants have realized unjust profits, gains and advantages as a proximate result of their unlawful deceptive acts and practices.

48. DVF has no adequate remedy at law and, if Defendants' activities are not enjoined, DVF will continue to suffer irreparable harm and injury to its goodwill and reputation.

### FOURTH CLAIM OF RELIEF
### UNFAIR COMPETITION UNDER NEW YORK STATE LAW

49. DVF repeats and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

50. DVF has built up valuable goodwill in the Spotted Frog Design.

51. Defendants' use of DVF's Spotted Frog Design is likely to and does permit Defendants to palm off the Infringing Dresses as those of DVF, all to the detriment of DVF and the unjust enrichment of Defendants.

52. Defendants, upon information and belief, with full knowledge of the fame of DVF and the Spotted Frog Design, intended to and did trade on the goodwill associated with the Spotted Frog Design on DVF Products and have misled and will continue to mislead the public into assuming a connection between DVF and Defendants by manufacturing, arranging for manufacture, advertising, selling and/or distributing the Infringing Dresses.

53. Defendants' unauthorized use of the DVF's Spotted Frog Design has caused and is likely to continue to cause DVF damage by tarnishing the valuable reputations and images associated with DVF and its genuine goods. Defendants have further palmed off its goods as DVF Products by misrepresentations to the consuming public, members of whom are likely to and do believe the Infringing Dresses emanate from or are otherwise associated with DVF.

54. The acts of Defendants mislead and deceive the public as to the source of Defendants' goods, permit and accomplish the palming off of Defendants' goods as those of

DVF and falsely suggest a connection with DVF, and therefore constitute acts of unfair competition with DVF in violation of the laws of the State of New York.

55. Defendants have realized unjust profits, gains and advantages as a proximate result of its unfair competition.

56. Defendants' acts have and will continue to cause DVF irreparable harm unless enjoined by this Court. DVF has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants, jointly and severally:

1. That Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them be permanently enjoined from directly or indirectly infringing DVF's Spotted Frog Design in any manner, including, but not limited to, reproducing, adapting, and/or displaying DVF's Spotted Frog Design by distributing, importing, exporting, advertising, selling, and/or offering for sale, or causing others to do so, any product, including without limitation, clothing bearing designs substantially similar to DVF's Spotted Frog Design;

2. That Defendants be required to effectuate the recall, removal, and return from commercial distribution and/or public display of:

    (a) Any products bearing a design identical or substantially similar to DVF's Spotted Frog Design distributed, imported, exported, advertised, sold, and/or offered for sale by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them, including, without limitation, that design shown in Exhibits C and D annexed hereto; and

(b) Any promotional and/or advertising materials, packaging, or other items bearing designs substantially similar to DVF's Spotted Frog Design used or displayed by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them; and

(c) Any pattern, or other item used by Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them, to manufacture any product, promotional and/or advertising materials, packaging, or other item bearing designs substantially similar to DVF's Spotted Frog Design;

3. That Defendants be required to deliver up for destruction all of the items called for by Paragraph 2 of this Prayer for Relief, above, as well as any remaining products, advertising, packaging, patterns, or other items bearing designs substantially similar to DVF's Spotted Frog Design, that are in Defendants' custody or control;

4. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth the details of how Defendants have complied with Paragraphs 1 through 3 of this Prayer for Relief, above;

5. For an award of actual damages sustained by Plaintiff;

6. For an award of Defendants' profits attributable to their copyright infringement;

7. If elected by Plaintiff, for the maximum statutory damages as permitted under the Copyright Act;

8. For such other amounts as may be proper under 17 U.S.C. § 504;

9. For such other amounts as may be proper under 15 U.S.C. § 1117;

10. For an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

11. For prejudgment interest as permitted by law and

12. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Respectfully submitted,

DATED: January 24, 2008

GREENBERG TRAURIG, LLP

By _____
Harley I. Lewin (HL 1819)
Scott Gelin (SG 9599)
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Plaintiff*
*Diane von Furstenberg Studio, L.P.*