Lita Beth Wright (LW 0442)
STORCH AMINI & MUNVES PC
Two Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
Attorneys for Defendants Target Corporation
and Target Brands, Inc.

OF COUNSEL:
James R. Steffen (MN#204717)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
(612) 766-7000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
DIANE VON FURSTENBERG STUDIO, L.P.,         )  08 Civ. 00866 (CM) (GWG)
a Delaware limited partnership,             )
                                            )  ECF CASE
            Plaintiff,                      )
                                            )
        v.                                  )
                                            )  **JOINT AND SEPARATE**
TARGET BRANDS, INC., a Minnesota            )  **ANSWER OF TARGET**
corporation; TARGET CORPORATION, a          )  **CORPORATION AND**
Minnesota corporation; KANDY KISS OF        )  **TARGET BRANDS, INC. TO**
CALIFORNIA, INC., a California corporation; )  **FIRST AMENDED COMPLAINT**
MILLWORK TRADING COMPANY, LTD., a           )
New York corporation,                       )
                                            )
            Defendants.                     )
_____ )

  For their Joint and Separate Answer to the First Amended Complaint of plaintiff Diane von Furstenberg Studio, L.P. ("DVF") (the "Amended Complaint"), defendants Target Corporation ("Target") and Target Brands, Inc. ("TBI") (collectively, "These Defendants"), by their undersigned attorneys, state and allege as follows:

1. Except as hereafter expressly admitted or otherwise stated, These Defendants deny each and every allegation and statement in the Amended Complaint.

2. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint.

3. These Defendants admit the allegations of paragraph 2 of the Amended Complaint.

4. These Defendants admit the allegations of the first sentence of paragraph 3 of the Amended Complaint. These Defendants deny the allegations of the second sentence of paragraph 3 of the Amended Complaint, except admit that TBI is a subsidiary of Target.

5. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint.

6. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 5 of the Amended Complaint. These Defendants state that the second sentence of paragraph 5 of the Amended Complaint contains no factual allegation and requires no response.

7. These Defendants deny the allegations of paragraph 6 of the Amended Complaint, except state that the Amended Complaint speaks for itself.

8. Answering paragraph 7 of the Amended Complaint, These Defendants admit that the Court has subject matter jurisdiction over claims under the Lanham Act, and admit that the Court has supplemental subject matter jurisdiction over the remaining claims purported to be asserted against These Defendants in the Amended Complaint.

9. These Defendants deny the allegations of paragraph 8 of the Amended Complaint to the extent that they relate to TBI. These Defendants admit the allegations of paragraph 8 of

the Amended Complaint to the extent they relate to Target. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint to the extent that they relate to defendants other than These Defendants.

10. These Defendants deny the allegations of paragraph 9 of the Amended Complaint.

11. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 10 and 11 of the Amended Complaint.

12. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint, except admits on information and belief that DVF is the owner of United States trademark and copyright registrations.

13. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint, except deny upon information and belief that genuine DVF Products are easily identified by their distinctive fabric designs.

14. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint, except deny upon information and belief that DVF's copyrighted prints have become well and favorably known to the public as the exclusive source of DVF Products and have come to symbolize the goodwill build up in DVF Products.

15. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint, except admit that DVF Products today appear to be sold through the web store located at the url of

www.dvf.com.

16. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16 and 17 of the Amended Complaint.

17. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of paragraph 18 of the Amended Complaint. These Defendants deny the allegations of the final sentence of paragraph 18 of the Amended Complaint upon information and belief.

18. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint, except deny upon information and belief that the general public has come to recognize "Spotted Frog Design" as emanating from DVF, and admit that a document appearing to be the first page of a Certificate of Registration was attached to the Amended Complaint as Exhibit A.

19. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint.

20. Answering paragraph 21 of the Amended Complaint, These Defendants state that paragraph 21 contains no factual allegations and requires no response.

21. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint, except deny upon information and belief that the general public has come to recognize "Scattered Stones Design" as emanating from DVF, and admit that a document appearing to be a Certificate of Registration was attached to the Amended Complaint as Exhibit C.

22. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint.

23. These Defendants deny the allegations of paragraph 24 of the Amended Complaint.

24. These Defendants deny the allegations of paragraph 25 of the Amended Complaint, except state that an accused dress is pictured in Exhibit E to the Amended Complaint and that that accused dress is a "wrap" style dress.

25. These Defendants deny the allegations of paragraph 26 of the Amended Complaint, except admit that the accused dress pictured in Exhibits E and F to the Amended Complaint were sold under the "MERONA" label in Target's retail stores and on-line at www.target.com, admit that the accused dress pictured in Exhibits E and F to the Amended Complaint was referred to as "Merona Animal Print Wrap Dress," and admit that print outs that appear to be from www.target.com were attached to the Complaint as Exhibit F.

26. These Defendants deny the allegations of paragraph 27 of the Amended Complaint, except admits TBI owns the trademark MERONA for various goods within International Class 25, including dresses.

27. These Defendants deny the allegations of paragraphs 28 and 29 of the Amended Complaint.

28. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint, except state that Target did not sell the dress pictured in Exhibits E and F of the Amended Complaint until after September 2006.

29. These Defendants deny the allegations of paragraph 31 of the Amended Complaint, except admit that accused garments are pictured in Exhibit G to the Amended Complaint.

30. These Defendants deny the allegations of paragraph 32 of the Amended Complaint, except admit that the accused garments pictured in Exhibits G and H to the Amended Complaint were sold in Target's retail stores and on-line at www.target.com, admit that the accused garments pictured in Exhibits G and H to the Amended Complaint were referred to as "Mossimo® Black: Short-Sleeve Belted Tunic Top – Blue Egg" and "Women's Plus Size Mossimo® Black: Short Sleeve Shirt with Tie - Blue/ Angel Food," and admit that print outs that appear to be from www.target.com were attached to the Complaint as Exhibit H.

31. These Defendants deny the allegations of paragraph 33 of the Amended Complaint, except admit that TBI holds a license to the mark MOSSIMO for use in connection with womenswear.

32. These Defendants deny the allegations of paragraph 34 of the Amended Complaint.

33. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint, except state that Target did not sell the garments pictured in Exhibits G and H of the Amended Complaint until after September 2006.

34. These Defendants deny the allegations of paragraphs 36 and 37 of the Amended Complaint.

## COUNT I

35. For their answer to paragraph 38 of the Amended Complaint, These Defendants incorporate by reference and repeat the foregoing paragraphs of this Answer.

36. These Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 39 of the Amended Complaint.

37. These Defendants admit the allegations of paragraph 40 of the Complaint upon information and belief.

38. These Defendants deny the allegations of paragraphs 41, 42, 43 and 44 of the Amended Complaint.

## COUNT II

39. For their answer to paragraph 45 of the Amended Complaint, These Defendants incorporate by reference and repeat the foregoing paragraphs of this Answer.

40. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Amended Complaint.

41. These Defendants deny the allegations contained in paragraphs 47, 48, 49, 50, 51 and 52 of the Amended Complaint.

## COUNT III

42. For their answer to paragraph 53 of the Amended Complaint, These Defendants incorporate by reference and repeat the foregoing paragraphs of this Answer.

43. These Defendants deny the allegations of paragraphs 54, 55, 56, 57 and 58 of the Amended Complaint.

## COUNT IV

44. For their answer to paragraph 59 of the Amended Complaint, These Defendants incorporate by reference and repeat the foregoing paragraphs of this Answer.

45. These Defendants are without knowledge or information sufficient to form a

belief as to the allegations of paragraph 60 of the Amended Complaint.

46. These Defendants deny the allegations of paragraphs 61, 62, 63, 64, 65 and 66 of the Amended Complaint.

### First Affirmative Defense

47. The Amended Complaint fails to state a claim against Target and/or TBI upon which relief can be granted.

### Second Affirmative Defense (by TBI only)

48. The Court lacks personal jurisdiction over TBI.

### Third Affirmative Defense

49. Upon information and belief, venue is not proper in this District.

### PRAYER FOR RELIEF

WHEREFORE, These Defendants respectfully pray:

a. that the Amended Complaint against These Defendants be dismissed with prejudice and on the merits;

b. that These Defendants be awarded their costs and disbursements herein;

c. that These Defendants be awarded their attorney's fees herein to the extent permitted by law or in equity; and

d. that These Defendants be awarded such other and further relief as the Court may deem just and equitable.

Dated:  New York, New York	STORCH AMINI & MUNVES PC
       March 31, 2008


By:    /s/ Lita Beth Wright
     Lita Beth Wright (LW 0442)
140 E. 45th Street
New York, New York 10017
Telephone (212) 490-4100
Fax (212) 490-4208

OF COUNSEL:
James R. Steffen (MN Bar 204717)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone (612) 766-7000
Fax (612) 766-1600

fb.us.2730134.03