LORA A. MOFFATT (LM 4084)
ALISON G. NAIDECH (AN 6010)
SALANS
620 Fifth Avenue
Rockefeller Plaza
New York, New York 10020
Telephone: (212) 632-5500
Facsimile: (212) 632-5555

*Attorneys for Defendant
The Millwork Trading Company, Ltd.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE VON FURSTENBERG STUDIO, L.P., a Delaware limited partnership, | ) Civil Action No. 08 CV 00866 (CM) (GWG) |
| Plaintiff, | ) |
| v. | ) **THE MILLWORK TRADING COMPANY, LTD.'S ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, UNLAWFUL DECEPTIVE ACTS AND PRACTICES AND COUNTERCLAIMS** |
| TARGET BRANDS, INC., a Minnesota corporation; TARGET CORPORATION, a Minnesota corporation; KANDY KISS OF CALIFORNIA, INC., a California corporation; MILLWORK TRADING COMPANY, LTD., a New York corporation, | ) |
| Defendants. | ) |

Defendant, The Millwork Trading Company, Ltd., ("Millwork")[*], a Delaware corporation, by and through its undersigned counsel, hereby answers the First Amended Complaint of Plaintiff Diane von Furstenberg Studio, L.P. ("DVF") as follows:

---

[*] The caption does not correctly reflect Millwork's proper name nor state of formation. Millwork's proper name is The Millwork Trading Company, Ltd. and it is a Delaware corporation, not a New York corporation.

## THE PARTIES

1. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the First Amended Complaint and, therefore, denies the same.

2. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the First Amended Complaint and, therefore, denies the same.

3. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the First Amended Complaint and, therefore, denies the same.

4. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the First Amended Complaint and, therefore, denies the same.

5. Millwork admits that it is a Delaware corporation with its principal place of business at 1359 Broadway, New York, NY 10018, but denies plaintiff's identification of Millwork and entity type. Millwork's proper name is The Millwork Trading Company, Ltd.

## JURISDICTION AND VENUE

6. Millwork admits that plaintiff purports to allege claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq*, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) and unfair competition and unlawful and deceptive acts in violation of New York law and denies the remaining allegations contained in paragraph 6 of the First Amended Complaint.

7. Millwork admits that the Court has subject matter jurisdiction over claims under the Lanham Act and the Copyright Act and denies that the Court has supplemental

jurisdiction over the remaining claims purported to be asserted against it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the First Amended Complaint and, therefore, denies the same.

8. Millwork admits that the Court has personal jurisdiction over it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 8 of the First Amended Complaint and, therefore, denies the same.

9. Millwork admits that venue is proper in this District as to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of the First Amended Complaint and, therefore, denies the same.

10. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the First Amended Complaint and, therefore, denies the same.

11. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the First Amended Complaint and, therefore, denies the same.

12. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the First Amended Complaint and, therefore, denies the same.

13. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the First Amended Complaint and, therefore, denies the same.

14. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the First Amended Complaint and, therefore, denies the same.

15. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the First Amended Complaint and, therefore, denies the same.

16. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the First Amended Complaint and, therefore, denies the same.

17. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the First Amended Complaint and, therefore, denies the same.

18. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the First Amended Complaint and, therefore, denies the same.

19. Millwork admits that a document, attached to the First Amended Complaint as Exhibit A, appears to be copy of a Certificate of Registration for a copyright, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of the First Amended Complaint and, therefore, denies the same.

20. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the First Amended Complaint and, therefore, denies the same.

21. Paragraph 21 contains no factual allegations and requires no response.

22. Millwork admits that a document, attached to the First Amended Complaint as Exhibit C, appears to be copy of a Certificate of Registration for a copyright, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 of the First Amended Complaint and, therefore, denies the same.

23. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the First Amended Complaint and, therefore, denies the same.

24. Millwork denies the allegations contained in paragraph 24 as they pertain to it and otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24 of the First Amended Complaint and, therefore, denies the same.

25. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the First Amended Complaint and, therefore, denies the same.

26. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the First Amended Complaint and, therefore, denies the same.

27.     Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the First Amended Complaint and, therefore, denies the same.

28.     Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the First Amended Complaint and, therefore, denies the same.

29.     Millwork admits that it did not profit from the production, distribution and sale of any clothing products identified in the First Amended Complaint as the "Spotted Frog Infringing Dresses," but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 29 of the First Amended Complaint and, therefore, denies the same.

30.     Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the First Amended Complaint and, therefore, denies the same.

31.     Millwork admits that accused clothing products are pictured in Exhibit G to the First Amended Complaint, but denies the remaining allegations contained in paragraph 31 of the First Amended Complaint.

32.     Millwork admits that the accused clothing products, pictured in Exhibit H to the First Amended Complaint, were sold in Target's retail stores and on line at www.target.com, that they were referred to as "Mossimo® Black: Short-Sleeve Belted Tunic Top – Blue Egg" and "Women's Plus Size Mossimo® Black: Short-Sleeve Belted Tunic with Tie Blue/Angel Food" and that the documents comprising Exhibit H to the First Amended

Complaint appear to be from www.target.com, but otherwise deny the remaining allegations contained in paragraph 32.

33. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the First Amended Complaint and, therefore, denies the same.

34. Millwork admits that Oxford Collections is a division of Millwork, but otherwise denies the remaining allegations contained in paragraph 34 of the First Amended.

35. Millwork denies the allegations contained in paragraph 35 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 35 of the First Amended Complaint and, therefore, denies the same.

36. Millwork denies the allegations contained in paragraph 36 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 36 of the First Amended Complaint and, therefore, denies the same.

37. Millwork denies the allegations contained in paragraph 37 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 37 of the First Amended Complaint and, therefore, denies the same.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§501, et seq.)**

38. Millwork repeats and realleges each and every response to all prior allegations contained in paragraphs 1-37 of the First Amended Complaint as though fully set forth herein.

39. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the First Amended Complaint and, therefore, denies same.

40. Millwork admits that DVF never authorized it to manufacture, distribute or sell copies of products containing plaintiff's designs entitled Spotted Frog and Scattered Stones, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 40 of the First Amended Complaint and, therefore, denies the same.

41. Millwork denies the allegations contained in paragraph 41 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 41 of the First Amended Complaint and, therefore, denies the same.

42. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the First Amended Complaint and, therefore, denies the same.

43. Millwork denies the allegations contained in paragraph 43 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 43 of the First Amended Complaint and, therefore, denies the same.

44. Millwork denies the allegations contained in paragraph 44 of the First Amended Complaint.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. §§1125(a))

45. Millwork repeats and realleges each and every response to all prior allegations contained in paragraphs 1-44 of the First Amended Complaint as though fully set forth herein.

46. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the First Amended Complaint and, therefore, denies the same.

47. Millwork denies the allegations contained in paragraph 47 of the First Amended Complaint.

48. Millwork denies the allegations contained in paragraph 48 of the First Amended Complaint.

49. Millwork denies the allegations contained in paragraph 49 of the First Amended Complaint.

50. Millwork denies the allegations contained in paragraph 50 of the First Amended Complaint.

51. Millwork denies the allegations contained in paragraph 51 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 51 of the First Amended Complaint and, therefore, denies the same.

52. Millwork denies the allegations contained in paragraph 52 of the First Amended Complaint.

## THIRD CLAIM OF RELIEF
## UNLAWFUL DECEPTIVE ACTS AND PRACTICES
## (New York General Business Law §349)

53. Millwork repeats and realleges each and every response to all prior allegations contained in paragraphs 1-52 of the First Amended Complaint as though fully set forth herein.

54. Millwork denies the allegations contained in paragraph 54 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 54 of the First Amended Complaint and, therefore, denies the same

55. Millwork denies the allegations contained in paragraph 55 of the First Amended Complaint.

56. Millwork denies the allegations contained in paragraph 56 of the First Amended Complaint.

57. Millwork denies the allegations contained in paragraph 57 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 57 of the First Amended Complaint and, therefore, denies the same.

58. Millwork denies the allegations contained in paragraph 58 of the First Amended Complaint.

## FOURTH CLAIM OF RELIEF
## UNFAIR COMPETITION UNDER NEW YORK STATE LAW

59. Millwork repeats and realleges each and every response to all prior allegations contained in paragraphs 1-58 of the First Amended Complaint as though fully set forth herein.

60. Millwork lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the First Amended Complaint and, therefore, denies the same.

61. Millwork denies the allegations contained in paragraph 61 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 61 of the First Amended Complaint and, therefore, denies the same.

62. Millwork denies the allegations contained in paragraph 62 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 62 of the First Amended Complaint and, therefore, denies the same.

63. Millwork denies the allegations contained in paragraph 63 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 63 of the First Amended Complaint and, therefore, denies the same.

64. Millwork denies the allegations contained in paragraph 64 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 64 of the First Amended Complaint and, therefore, denies the same.

65. Millwork denies the allegations contained in paragraph 65 of the First Amended Complaint as they pertain to it, but otherwise lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 65 of the First Amended Complaint and, therefore, denies the same.

66. Millwork denies the allegations contained in paragraph 63 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

67. The First Amended Complaint fails to state a claim against Millwork upon which relief can be granted.

### Second Affirmative Defense

68. The state law claims for unfair competition and unlawful deceptive acts and practices are preempted by 17 U.S.C. § 301.

### Third Affirmative Defense

69. Plaintiff has suffered no damages and/or failed to mitigate its damages.

### Fourth Affirmative Defense

70. Plaintiff's copyright infringement claim fails because the allegedly infringing designs, attached as Exhibits G and H to the First Amended Complaint, are not substantially similar to the alleged copyrighted work.

### Fifth Affirmative Defense

71. Plaintiff's registration, attached as Exhibit C to the First Amended Complaint, is invalid.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

Millwork alleges for its Counterclaims against Plaintiff as follows:

## PARTIES

72. The Millwork Trading Company, Ltd. ("Millwork") is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 1359 Broadway, New York, New York 10018.

73. Upon information and belief, Plaintiff, Diane von Furstenberg Studio, L.P., ("DVF") is a limited partnership organized and existing under the laws of the State of Delaware, with a principal place of business located at 440 West 14th Street, New York, New York, 10014.

## JURISDICTION

74. This Court has subject matter jurisdiction over these Counterclaims under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, the United States Copyright Act, 17 U.S.C. §§ 501 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125(a).

75. A justifiable controversy exists between Millwork and DVF concerning the invalidity and non-infringement of the alleged copyrights and trademarks in suit.

## COUNTERCLAIMS

76. The copyright registration entitled Scattered Stones, U.S. Copyright Registration No. VAu 711-001 ("Scattered Stones Registration") attached as Exhibit C to the Amended Complaint is invalid.

77. Millwork has not and does not infringe the Scattered Stones Registration.

78. DVF has not built up valuable goodwill in the appearance of the design in the Scattered Stones Registration nor has the public come to associate the design in the Scattered Stones Registration as emanating exclusively with DVF.

79. Millwork has not caused and does not cause confusion as to the source, sponsorship or affiliation of its products with DVF's products containing its Scattered Stones design.

## PRAYER FOR RELIEF

**WHEREFORE**, Millwork prays that the Court enter judgment in its favor that:

A. No injunctive relief should be granted against Millwork;

B. DVF's First Amended Complaint should be dismissed with prejudice;

C. The Court adjudicate and declare the Scattered Stones Registration is not infringed by any products made, distributed or sold by Millwork;

D. The Court adjudicate and declare the Scattered Stones Registration is invalid;

E. The Court adjudicate and declare that the public has not come to associate the Scattered Stones design as emanating exclusively with DVF;

F. The Court adjudicate and declare that Millwork has not caused confusion as to the source, sponsorship or affiliation of its products with DVF's Scattered Stones design;

G. The Court deny all of DVF's requests for relief;

H. The Court adjudicate and declare that Millwork is entitled to recover reasonable attorneys' fees and expenses incurred herein; and

I. For such other and further relief as the Court deems just and proper.

Dated: New York, New York

    April 3, 2008

Respectfully submitted,

SALANS

By: s/Lora A. Moffatt
    Lora A. Moffatt (LM 4084)
    Alison G. Naidech (AN 6010)
Rockefeller Plaza
620 Fifth Avenue
New York, NY 10020
Telephone: 212-632-5500
Facsimile: 212-632-5555

*Attorneys for Defendant*
*The Millwork Trading Company, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2008, I electronically filed the foregoing **THE MILLWORK TRADING COMPANY, LTD.'S ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, UNLAWFUL DECEPTIVE ACTS AND PRACTICES AND COUNTERCLAIMS** . with the Clerk or Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses:

| | |
|---|---|
| Harley Irwin Lewin<br>lewinh@gtlaw.com | Scott David Gelin<br>gelins@gtlaw.com |
| Lita Beth Wright<br>lbwright@samlegal.com | Kenneth Roy Schachter<br>krschachter@ssghlaw.com |

I also hereby certify that on April 3, 2008, a true and correct copy of the foregoing THE MILLWORK TRADING COMPANY, LTD.'S ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, UNLAWFUL DECEPTIVE ACTS AND PRACTICES AND COUNTERCLAIMS was mailed, postage prepaid, via First Class Mail to the following:

Harley Irwin Lewin
Greenberg Traurig LLP
200 Park Avenue
New York, NY  10166

Lita Beth Wright
Storch Amini & Munves PC
2 Grand Central Tower
140 East 45th Street, 25th Fl.
New York, NY  10017


Kenneth Roy Schachter
Silverberg Stonehill Goldsmith & Haber PC
111 West 40th Street
New York, NY  1001



                By: s/Lora A. Moffatt
                   Lora A. Moffatt (LM 4084)

                SALANS
                Rockefeller Plaza
                620 Fifth Avenue
                New York, NY 10020
                Telephone:  212-632-5500
                Facsimile:  212-632-5555

                *Attorneys for Defendant*
                *The Millwork Trading Company, Ltd.*